## WALLS vs. PAGE.

The finding of the circuit court upon a question of fact will not be disturbed, where it is difficult to say on which side the evidence preponderates, and the circuit court had the advantage of seeing the witnesses on the stand and hearing them testify.

APPEAL from the Circuit Court for *Milwaukee* County. The case is stated in the opinion of the Court.

*Thomas M. Knox*, for appellant.

*E. Mariner*, for respondent.

*By the Court*, COLE, J.    The circuit court found that the defence of usury was not established by the evidence, and in this conclusion we fully concur. It seems that the appellant swears to a corrupt and usurious agreement in respect to the loan, both in his answer and when on the stand as a witness.    But there is a material discrepancy between his version of the transaction as stated in his answer and as detailed in his evidence. He swears in substance when on the stand as a witness, that he should pay fifteen per cent. interest on the money loaned him, and that in consummation of this corrupt agreement and as a part of the transaction he actually paid the respondent three per cent. out of the money at the time of the loans, and gave the notes and mortgages mentioned in the complaint, which drew twelve per cent. interest.    In this statement he is corroborated by Johnson, who signed the notes with him. In the answer it is stated, however, that three per cent. on the sums loaned were added in each case to the principal, and the notes

Walls vs. Page.

were given for the amounts respectively at twelve per cent. interest. That is, according to the answer, the three per cent. excess was not paid over to the respondent at all, but was added to the principal to make up the amount for which each note was given, while by the oral testimony he says, he at once paid the respondent this excess out of the money loaned. Such a material discrepancy in his account of the transaction is calculated to throw great discredit upon his testimony. For it seems hardly possible that he should not remember how the usury was taken, or whether the excess was paid the respondent or not. We therefore could not place much reliance on his testimony, even if stood uncontradicted. The respondent, however, most positively and flatly contradicts the appellant's testimony, and says that the agreement was that he was to receive only twelve per cent. interest for the money loaned. Deyo, who drew the papers, says he was present when the money was paid on one of the mortgages, and that he saw no money paid back by the appellant.

It is not pretended that he did not have every opportunity of knowing what took place at that time, and he would have undoubtedly seen the money had it been paid back. He is a disinterested party and his statements are entitled to controlling weight in such a conflict of testimony. We therefore think the defence of usury is not sustained by the evidence. It is difficult to say on which side the testimony preponderates, while it is clear that the affirmative of the issue was upon the appellant. Having failed to sustain it, judgment must go against him. And we are strengthened in this conclusion by the fact that the circuit court which had the advantage of seeing the witnesses on the stand, and hearing them testify, arrived at the same result which we have announced.

The judgment of the circuit court, is therefore affirmed.